UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

YVONNA MEADOWS # 58565                                                               PETITIONER

V.                                                         CIVIL ACTION NO.1:05CV103-GHD-JAD

MARGARET BINGHAM, et al                                                              RESPONDENTS

REPORT AND RECOMMENDATION

The undersigned has considered the respondents' motion to dismiss the petition for writ of habeas corpus (Doc.20). The petitioner filed her petition *pro se*. The respondents filed their motion to dismiss on statute of limitations grounds on November 4, 2005. Plaintiff at some point retained counsel to represent her, who on November 15, 2005 filed a motion to amend the petition. The district judge granted leave to file an amended petition within thirty days.[1] The respondents' motion for reconsideration of the order granting leave to amend remains pending before the court. The undersigned entered an order requiring counsel to either respond to the motion to dismiss within fourteen days or to file with the court his explanation of how or if the pending motion for reconsideration impacted the motion to dismiss. Counsel did neither, instead filing a response to the motion for reconsideration, pointing out the gravity of his client's situation. She is serving concurrent thirty and twenty year sentences for selling crack cocaine. She is not eligible for parole due to her indictment as an habitual offender. He alleges that she received grossly inadequate counsel. He points out that Meadows has a dire need to be heard and should be given the opportunity to have a well prepared petition, pointing to his client's lack of skills in negotiating the legal system. He addresses the timeliness issue only obliquely. Nothing in the record indicates that

---

[1] Due to the motion for reconsideration, no proposed amended petition has been filed, nor was one attached to the motion.

the pendency of the motion for reconsideration has any impact on the motion to dismiss. The response is nevertheless considered in making the recommendation.

Federal habeas corpus petitions must generally be filed within one year of the date that the judgment of conviction becomes final, with the time being tolled during the pendency of state habeas proceedings. 28 U.S.C. § 2244(d). Generally the statute commences to run from the date the judgment becomes final.[2] Meadows was convicted and sentenced in the Circuit Court of Lee County, Mississippi. The Mississippi Court of Appeals affirmed the conviction and sentence on October 15, 2002. No further steps were taken in the appeal process. The judgment of conviction became final fourteen days from the decision on October 29, 2002 when the time for seeking a rehearing expired. M.R.A.P 40(a). Unless there was a properly filed post-conviction petition, Meadows time to file a federal habeas petition ran on October 29, 2003. The record does not show that there was any such application filed, therefore there is no tolling applicable to this case. The petitioner's state application filed on May 4, 2004 does not affect the time in this case. Meadows petition was filed between March 10, 2005 and March 14, 2005 long after the statute of limitations had run.

---

[2] The other dates that may trigger a later running of the statute are: "(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1) and (2). There has been no showing that these provisions are applicable to this case.

Case law does provide for an extremely limited exception to allow the courts to consider otherwise time barred petitions. In cases of "rare and exceptional' circumstances the courts can find the statute of limitations is equitably tolled. *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). The response in the record speaks of the petitioner's lack of legal education, limited access to legal materials and the difficulties of a *pro se* litigant attempting to negotiate the legal system. It speaks of this petition as her last resort and the seriousness of her circumstances. Meadow's counsel addresses the issue of timeliness in only one sentence. [3] Meadow's circumstances are the norm, not the extraordinary in habeas actions, and equitable tolling not appropriate to save this action.

The undersigned recommends that the petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed

---

[3] The full paragraph in which it appears reads as follows. "This appeal stands as one of the last, if not the last avenue for relief she has available. As such, it is imperitive(sic) that your Petitioner be allowed to provide the Court with the most detailed and well-researched document available. The Petitioner is housed within the Mississippi Department of Corrections. Her access to the proper legal materials is limited. The Petitioner is without formal legal education as evidenced by the Petition supplied, she is in dire need of assistance in preparing this document. The need for a well-prepared petition is urgent. Allowing the Petitioner leave to file an Amended Petition does no harm to the Respondent. A cursory review of the trial reveals a facially simple hearing. *It is within this characteristic that one may find the proper response to the Respondent's Motion to Dismiss and also the dire need for the Petitioner to be heard.* Specifically, the transcript reveals a dearth of preparation by trial counsel. The complete lack of preparation is shown both in the cross examination of the state's witnesses, principally Ray Blaylock, as well as, the absence of Joy Graves, a principal whose testimony could have provided exculpatory evidence for the Petitioner."

factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 30th day of March, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE